IN THE CIRCUIT COURT
SAINT LOUIS COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| **BRITTANY ROBOTHAM,** | )<br>) |
| Plaintiff, | )<br>)<br>) Cause No. |
| v. | )<br>) Division |
| **HEALTHCARE REVENUE**<br>**RECOVERY GROUP, LLC** | )<br>)<br>)<br>) |
| Serve at:<br>CSC-Lawyers Incorporating Service Co, R/A<br>221 BOLIVAR ST<br>JEFFERSON CITY, MO 65101 | )<br>)<br>)<br>)<br>) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

## PETITION

COMES NOW, Plaintiff, Brittany Robotham, and for her Petition states as follows:

## INTRODUCTION

1. This is an action for statutory and actual damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. This is an action for statutory damages brought by an individual consumer for violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. Seq.*

3. This is an action for actual and punitive damages brought by an individual consumer for invasion of privacy.

4. Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION

5. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d) because the illicit collection activity was directed at Plaintiff in Saint Louis County, Missouri.

6. This Court has jurisdiction of the TCPA claim under 47 U.S.C. § 227 (3)(b). Venue is appropriate in this Court because Defendant Health Care Revenue Recovery Group ("HRRG") placed prohibited telephone calls to Plaintiff at Plaintiff's phone located in St. Louis County, Missouri.

7. This Court has jurisdiction of the claim of invasion of privacy because the conduct giving rise to the claim occurred in St. Louis County, Missouri.

## PARTIES

8. Plaintiff is a natural person currently residing in St. Louis County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

9. Defendant is a foreign limited liability company with its principal place of business in Sunrise, FL. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

### *Telephone Consumer Protection Act*

10. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39).

11. At all times relevant to this complaint, Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

12. Defendant at all times relevant to the complaint herein engages in "telecommunications" as defined by the TCPA 47 U.S.C. § 153(50).

13. Defendant at all times relevant to the complaint herein engages in "interstate communications" as defined by the TCPA 47 U.S.C. § 153(28).

14. At all times relevant to this complaint, Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

15. At all times relevant to this complaint, Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

16. At all times relevant to this complaint, the Defendant transmitted "caller identification information" as defined by the TCPA 47 U.S.C. § 227(e)(8)(A) to mean information provided by a caller identification service regarding the telephone number of, or other information regarding the origination of, a call made using a telecommunications service or IP-enabled voice service.

17. At all times relevant to this complaint, the Plaintiff used a "caller identification service" on her phone, as defined by the TCPA 47 U.S.C. § 227(e)(8)(A) to mean any service or device designed to provide the user of the service or device with the telephone number of, or other information regarding the origination of, a call made using a telecommunications service or IP-enabled voice service.

### *Fair Debt Collection Practices Act*

18. Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

19. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a (6).

### *Invasion of Privacy*

20. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it states as part of its findings:

**Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

21. The Federal Communications Commission recognized the costs and damage to a consumer's right to privacy that robo calls created:

> Noting that Congress found that automated or prerecorded telephone calls were a greater nuisance and invasion of privacy than live solicitation calls, and that such calls can be costly and inconvenient, the Commission determined that the TCPA and its rules prohibit such calls to wireless numbers. The Commission also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, ¶7 (Jan. 4, 2008).

### **FACTS**

22. Within one year immediately preceding the filing of this lawsuit, Defendant telephoned the Plaintiff's cellular phone using an automatic telephone dialing system on numerous occasions and left pre-recorded messages on the Plaintiff's answering service in violation of the TCPA and FDCPA.

23. Defendant's telecommunications to Plaintiff's cellular phones were attempts to collect an alleged debt of $1,611.00, allegedly owed to Northwest Healthcare for medical services.

24. Defendant's phone calls came from its numbers 314-549-8539 and 314-714-6007.

25. The 314 area code serves the independent city of St. Louis, Missouri including some of its suburbs in neighboring St. Louis County.

26. Plaintiff never provided her cell phone number, 314 406-8449 to Defendant, and Plaintiff never gave her express written consent to be called on her cellular telephone by automatic dialed telephone calls or prerecorded messages.

27. Plaintiff never signed any writing containing a clear and conspicuous disclosure, as required under 47 C.F.R. § 64.1200(f)(8)(i), informing the Plaintiff that by executing an agreement, Plaintiff consents to receive phone calls delivered using an automatic telephone dialing system or an artificial or prerecorded voice.

28. Beginning in March of 2019, Defendant made numerous autodialed calls to Plaintiff's cellular phone, and left pre-recorded messages on her cellular phone.

29. On August 23, 2019, Plaintiff called Defendant to see why Defendant kept calling her cellular phone.

30. During the August 23, 2019 phone call, Plaintiff requested that Defendant send her written verification of the debt pursuant to FDCPA 15 U.S.C. § 1692g.

31. During the August 23, 2019 phone call, in response to Plaintiff's §1692g verification request, Defendant stated that it had sent verification of the debt twice in two prior statements to Plaintiff's mailing address.

32. During the August 23, 2019 phone call, after Plaintiff informed Defendant that she had not received any verification in the mail from Defendant, Defendant directed Plaintiff to go to HRRGcollections.com to receive verification.

33. After the August 23, 2019 phone call, Plaintiff went to HRRGcollections.com to

receive verification.

34. While on Defendant's website, the Plaintiff received the two prior statements that Defendant had referred to as verification of the debt in the August 23, 2019 phone call.

35. The two statements, one dated March 12, 2019, and the other dated April 19, 2019, was not verification of the alleged debt from the original creditor, but was rather just debt collection letters from Defendant.

### *Violations of the FDCPA*

36. Defendant's statement in the August 23, 2019 phone call that verification had already been provided to Plaintiff in Defendant's two previous collection letters was false and misleading, in violation of 15 U.S.C. §1692e, which prohibits any false, deceptive or misleading representations or means in connection with the collection of any debt.

37. Specifically, Defendant's representation was false, because verification of the alleged debt pursuant to 15 U.S.C. § 1692g had not been provided by Defendant.

38. Defendant's use of a prohibited means of telecommunications when spoofing calls and using an ATDS violated the FDCPA, 15 U.S.C. §1692f, which prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt.

39. Defendant's call pattern – up to four calls per day – was intended to abuse and harass Plaintiff, in violation of the FDCPA, 15 U.S.C. § 1692d(5).

40. Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to anxiety and worry.

### *Violations of the TCPA*

41. Defendant never obtained express written consent from Plaintiff to place telephone calls to Plaintiff's cellular phone number, 314 406-8449, using an automatic telephone

dialing system on or to send pre-recorded messages to Plaintiff's cellular phone.

42. Defendant made attempts to collect the alleged debt by making numerous unsolicited and unauthorized phone calls to Plaintiff's cellular phone number, 314 406-8449, using an automatic telephone dialing system and pre-recorded messages.

43. Defendant's phone calls for Plaintiff were placed from Defendant's automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1), from the phone number that is registered to the Defendant.

44. Specifically, Defendant's dialing system has the capacity to store, dial, and generate phone numbers such as Plaintiff's.

45. These automated telephone dialing system calls were made to Plaintiff's cellular phone and she was charged for these phone calls, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

46. Defendant's placement of a spoofed caller ID phone call was a violation of the TCPA, 47 U.S.C. § 227(e)(1), which prohibits any person within the United States, in connection with any telecommunications service or IP-enabled voice service, to cause any caller identification service to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value.

47. Specifically, Defendant knew that the use of a spoofed caller ID phone call showing the call originating from a 314 area code was not accurate because the call in fact originated from Defendant's principal place of business in Sunrise, FL.

48. Specifically, Defendant knew that the use of a spoofed caller ID phone call showing the call originating from a 314 area code would likely mislead a phone call recipient using a caller identification service into believing that the phone call was originating from a 314 area code.

49. Defendant placed the inaccurate and misleading spoofed caller ID phone call to Plaintiff with the intent to defraud Plaintiff and wrongfully obtain from Plaintiff something of value, payment for the alleged debt.

50. Specifically, Defendant placed the inaccurate and misleading spoofed caller ID phone call to Plaintiff in order to create the false impression that a local company was contacting Plaintiff, with the intent that Plaintiff be deceived into believing this falsity, and thus, that Plaintiff would be more inclined to make a payment on the debt because of the closeness, ease, and trust commonly associated with local companies.

### *Invasion of Privacy – Intrusion Upon Seclusion*

51. Defendant intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff by repeatedly and unlawfully attempting to collect a debt by calling Plaintiff's cellular telephone without consent, and thereby invaded Plaintiff's right to privacy.

52. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

53. The conduct of Defendant in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant that occurred in a way that would be highly offensive to a reasonable person in that position.

54. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages and punitive damages from Defendant in an amount to be determined at trial.

### **COUNT I: VIOLATION OF THE FDCPA**

55. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

56. In its attempt to collect the alleged debt from Plaintiff, Defendant has committed

violations of the FDCPA, 15 U.S.C. 1692 et. seq., including, but not limited to, the following:

    a.    Using a false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. §1692e.

    b.    Using a prohibited means of telecommunications in violation of 15 U.S.C. §1692f.

    c.    Calling a consumer repeatedly with the intent to harass and abuse. 15 U.S.C. § 1692d(5).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for:

    A.    Judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Release of the alleged debt;

    D.    Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692(k); and

    E.    For such other relief as the Court may deem just and proper.

### COUNT I: VIOLATION OF THE TCPA

57.    Plaintiff re-alleges and incorporates by reference all prior paragraphs.

58.    In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, 47 USC 227 et. seq., including, but not limited to, the following:

    a.    Placing non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff. 47 USC 227(b) (1) (A) (iii).

    b.    In connection with any telecommunications service or IP-enabled voice service, to cause any caller identification service to knowingly transmit misleading or

inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value. 47 U.S.C. § 227(e)(1).

59.     Defendant's violations were negligent, or alternatively, they were willful or knowing, in violation of 47 U.S.C. § 312(f)(1).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Judgment that Defendant's conduct violated the TCPA;

B. Actual damages;

C. Statutory damages pursuant to 47 USC (b)(3); and

D. For such other relief as the Court may deem just and proper.

### COUNT III: INVASION OF PRIVACY – INTRUSION UPON SECLUSION

60.     Plaintiff re-alleges and incorporates by reference all prior paragraphs.

61.     The aforementioned intrusion upon seclusion by Defendant was highly offensive to a reasonable person.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendant for:

        A.     Actual damages;

        B.     Punitive damages;

        C.     Court costs;

        D.     For such other relief as the Court may deem just and proper.

Respectfully submitted by,

Pontello & Bressler, LLC

/s/ Dominic M. Pontello
Dominic M. Pontello, #60947

Attorney for Plaintiff
406 Boones Lick Rd
St. Charles, MO  63301
(636) 869-4170
(636) 246-0141 facsimile
dominic@pontellolaw.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the Defendant take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or prerecorded calls, emails, recordings, documents and all other tangible things that relate to the allegations herein, to the Plaintiff, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to any of them.  These materials are very likely relevant to the litigation of this claim.  If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that the Defendant request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

/s/ Dominic M. Pontello